**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HOLLY STEELE, on behalf of M.D.,**

        **Plaintiff,**

  vs.                                          5:09-CV-347(NAM/VEB)

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        **Defendant.**
_____

APPEARANCES:                              OF COUNSEL:

Olinsky Law Group                    Howard D. Olinsky, Esq.
300 S. State St., Ste. 520
Syracuse, NY 13202
Attorney for Plaintiff

Social Security Administration        Michelle L. Christ, Esq.
Office of the General Counsel         Special Assistant U.S. Attorney
Region II
26 Federal Plaza - Room 3904
New York, NY 10278
Attorney for Defendant

Norman A. Mordue, U.S. District Judge

**MEMORANDUM DECISION AND ORDER**

**I.     INTRODUCTION**

       Plaintiff Holly Steele brought this action on behalf of her daughter, M.D., pursuant to 42 U.S.C. § 405(g) of the Social Security Act seeking a review of the Commissioner of Social Security's decision to deny her application for disability benefits. Dkt. No. 1. In a Report and Recommendation entered on August 10, 2011, United States Magistrate Judge Victor E. Bianchini recommended that the Court reverse the Commissioner's decision and remand this

matter for further proceedings. Dkt. No. 15. Since neither party objected, the Court entered an Order adopting the Report and Recommendation, reversing the Commissioner's decision and remanding this matter for further proceedings. Dkt. No. 16. On August 29, 2011, the Court entered judgment in plaintiff's favor. Dkt. No. 17. On February 2, 2012, plaintiff filed an application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Dkt. No. 19. The Commissioner opposes plaintiff's application on the ground that it is untimely.

## II.     DISCUSSION

The Equal Access to Justice Act ("EAJA") states that:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . .

28 U.S.C. § 2412(d)(1)(B). The EAJA defines "final judgment" as "a judgment that is final and not appealable". *Id*. at § 2412(d)(2)(G); *see also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable' – i.e., 30 days after the time for appeal has ended."). If, in a civil case, one of the parties is a United States officer, the "notice of appeal may be filed by any party within 60 days after entry of the judgment". Fed. R. App. P. 4(a)(1)(B)(iii).

In this case, the Court entered the judgment on August 29, 2011. Dkt. No.17. The time for appeal ended 60 days later, on October 28, 2011. The time for filing an application seeking an award of fees under the EAJA ended 30 days after that, on November 27, 2011. Plaintiff, however, did not apply for an award of fees until February 2, 2012, 98 days after the final judgment in this action. Thus, plaintiff's application is untimely.

2

Further, nothing in the record warrants the application of equitable tolling to plaintiff's motion. *See Torres v. Bowen*, 417 F.3d 276, 276 (2d Cir. 2005) ("the doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way.'") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Indeed, plaintiff offers no explanation for the untimeliness of her motion.  Thus, equitable tolling is unwarranted.

### III.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's application for an award of attorney's fees under the EAJA (Dkt. No. 19) is **denied as untimely**.

**IT IS SO ORDERED.**

Date:   September 17, 2012

_____
Honorable Norman A. Mordue
U.S. District Judge